UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21- cr-270-4 (JEB) |
| | : | |
| NOMAR FRANCISCO MEDINA DIAZ, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S SUBMISSION OF ELEMENTS OF OFFENSE AND PROFFER OF EVIDENCE IN SUPPORT OF DEFENDANT'S PLEA OF GUILTY**

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits the following Elements of Offense and Proffer of Evidence in Support of Defendant's Plea of Guilty to an Information in the above-captioned matter.

### *Elements of the Offense*

The essential elements of the offense of conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 United States Code Sections 846, 841(a)(1) and 841(b)(1)(B)(ii), each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

(1) that an agreement existed between two or more persons to commit the crimes of distribution and possession with intent to distribute a controlled substance, that is, cocaine;

(2) that the defendant intentionally joined in that illegal agreement.[1]

---

[1] The offense of violating 21 U.S.C. § 846, by conspiring to violate federal narcotics laws, does not include as an element, the commission of an overt act in furtherance of the conspiracy. *United States v. Pumphrey*, 831 F.2d 307, 308-309 (D.C. Cir. 1987).

Count One of the Information charges that the defendant conspired to distribute and possess with intent to distribute cocaine. The essential elements of the offense of distribution of a controlled substance are:

(1) That the defendant distributed cocaine, a controlled substance. Distribute means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return.

(2) That the defendant distributed the controlled substance, that is, cocaine, knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

The essential elements of the offense of possession with intent to distribute cocaine are:

(1) That the defendant possessed a measurable amount of controlled substance, that is, cocaine.

(2) That the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

(3) That when the defendant possessed the controlled substance, that is, cocaine, he had the specific intent to distribute it. Distribute means to transfer or attempt to transfer to another person.

In order to make the defendant liable for the sentencing enhancements set out in 21 U.S.C. Section 841(b)(1)(A)(ii), the United States is required to prove beyond a reasonable doubt that the defendant and others conspired to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine during the life of the conspiracy—that is, between October 2019 and April 15, 2021. *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

### *Penalties for the Offense*

The penalty for conspiring to commit a narcotics offense, in violation of 21 U.S.C. Section 846, is the same as that prescribed for the substantive offense, "the commission of which was the object of the . . . conspiracy." In this case, the penalty is the same as for a violation of 21 U.S.C. Section 841(a)(1), as set forth in 21 U.S.C. Section 841(b)(1)(B)(ii), distribution or possession with intent to distribute cocaine. The maximum penalty, therefore, is:

(A) a term of imprisonment, which may not be less than five years and up to 40 years imprisonment;

(B) a fine not to exceed $5,000,000;

(C) a term of supervised release of at least four years, after any period of incarceration;

(D) a special assessment of $100.

The United States Sentencing Guideline ' 5E1.2 permits the Court to impose an additional fine to pay the costs of for imprisonment and any term of supervised release and/or probation.

### *Proffer of Evidence*

Beginning around October of 2019 and continuing up to about April 15, 2021, within the District of Columbia, Maryland, Puerto Rico, Florida, and elsewhere, the defendant, Nomar Francisco Medina Diaz, conspired to distribute and possess with the intent to distribute 500 grams or more of cocaine with others. Specifically, the Federal Bureau of Investigation (FBI), the United States Postal Inspector Service (USPIS), the Montgomery County Police Department (MCPD), and the Frederick County Police Department (FCPD), have been conducting a large-scale narcotics, violent crime, and money laundering investigation into a Puerto Rico based drug trafficking organization (DTO). Based on the investigation to date, law enforcement agents have identified multiple Puerto Rico based individuals, to include the defendant, who are involved in

trafficking multiple kilograms of cocaine a month, via the United States Postal Service (USPS), to the mainland United States including the Washington D.C. area. In turn, Washington, D.C. and Maryland-based members of the DTO distributed the cocaine throughout the greater-Washington, D.C. area.

Cooperating witnesses (CW) have pled guilty to the offense of conspiracy to distribute and possess five kilograms or more of cocaine and agreed to assist law enforcement in hopes of receiving a lesser sentence. The CWs were shown known photographs of several individuals and positively identified members of the drug conspiracy, including the defendant. The CWs also explained the various roles of the members of the conspiracy. According to the CWs, the defendant's primary job was to package the cocaine and mail the packages of cocaine to addresses on the mainland United States, as well as travel to the mainland United States to collect drug proceeds from the Washington, D.C. based DTO members. The defendant took instruction from a co-conspirator regarding actions of the Puerto Rico based DTO.

Law enforcement has identified at least 65 parcels shipped from Puerto Rico to the mainland United States believed to contain cocaine shipped by this DTO. Law enforcement has intercepted and lawfully searched a number of these parcels. Each parcel intercepted and searched contained kilogram quantities of cocaine verified by drug analysis. To date, cocaine analyzed from these parcels and undercover purchases in the Washington, D.C. area totals over 500 grams.

These parcels were shipped from different post offices around San Juan, Puerto Rico— usually with fictitious names and addresses for the sender and recipient in an attempt to evade detection by law enforcement. Law enforcement estimates that the remaining non-seized parcels each contained approximately .5 to two kilograms of cocaine based upon what has thus far been

recovered in parcels seized as well as information provided by CWs.

On April 1, 2021, the defendant along with Co-conspirator-1, Co-conspirator-2, and Co-conspirator-3, were indicted in a count-count indictment charging the offense of conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 United States Code Sections 846, 841(a)(1) and 841(b)(1)(A)(ii), *see* Case No. 21-cr-270 (JEB). On April 15, 2021, during a law enforcement coordinated takedown, a search warrant was executed at the defendant's residence as well as the residence of a co-conspirator. At the co-conspirator's residence, law enforcement found a receipt for a USPS parcel which was mailed on April 9, 2021. Law enforcement was able to locate the parcel in the mail-stream (it had been returned as undeliverable). The parcel was lawfully searched pursuant to a search warrant on April 19, 2021, inside the parcel there was a kilogram of cocaine, and the wrapping was consistent with prior seized parcels. Law enforcement has also identified additional parcels mailed the same day which match the same characteristics. The defendant was seen by law enforcement at the co-conspirator's residence on or about April 12, 2021.

Through travel records and surveillance, law enforcement was also aware of repeated travel by the defendant and other co-conspirators between Puerto Rico, areas around Washington, D.C.-Maryland, and other locations on the east coast in furtherance of drug trafficking.

For example, in late September 2020, law enforcement received information from an airline that the defendant was scheduled to travel with two co-conspirators to the Philadelphia, Pennsylvania area in early October 2020. A couple weeks later, the defendant also travelled from Puerto Rico to the Baltimore, Maryland area with two co-conspirators. On October 13, 2021, law enforcement observed the defendant along with Co-conspirator-2, and Co-conspirator-3 leaving

BWI and arriving at San Juan's Luis Munoz Marin International Airport. The CWs told law enforcement these trips were to obtain drug proceeds from previous supplied cocaine shipments, and the CWs said that they personally provided the trio drug proceeds.

Through investigation, law enforcement has also been able to establish repeated and consistent telephone contacts between the defendant, Co-conspirator-1, Co-conspirator-2, and Co-conspirator-3. Law enforcement has identified at least two telephone numbers believed to be used by the defendant—both subscribed to other individuals or entities other than the defendant. Notably, one of these telephones was activated on October 15, 2021. Both of these telephone numbers were used to make airline reservations by the defendant and were in contact with numbers associated with other co-conspirators.

The defendant acknowledges and agrees that, during the course of the conspiracy, he is accountable for at least 50 kilograms of cocaine but less than 150 kilograms, which amounts represent the total amount that the defendant distributed or possessed with intent to distribute, or was reasonably foreseeable conduct of the co-conspirators.

### *Limited Nature of Proffer*

This proffer of evidence is not intended to constitute a complete statement of all facts known by the government, but rather is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for defendant's plea of guilty to the charged offenses.

The defendant further agrees that he personally has read or had read to him all of the allegation in the indictment returned on April 1, 2021, Case No. 21-cr-270 (JEB), and the discovery provided by the government. The defendant admits that the allegation in the indictment and

information provided in the discovery are true, or does not have information to dispute or disprove those allegations set forth in the indictment and the information provided in discovery in any way.

Sincerely,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By: /s/ Anthony Scarpelli

Rachel Fletcher
TX Bar No. 24078505
Rachel.fletcher@usdoj.gov
Anthony Scarpelli
D.C. Bar No. 474711
Anthony.Scarpelli@usdoj.gov
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7103 (Fletcher)
(202) 252-7707 (Scarpelli)

### Defendant's Acceptance

I have read each of the pages that constitute the government=s proffer of evidence and have discussed it with my attorney, Eduardo Balarezo, Esquire. I fully understand this proffer and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in my plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this proffer and my plea agreement and matters related to it.

Date: 2/28/2022

Nomar Francisco Medina Diaz
Defendant

### Attorney's Acknowledgment

I have read each of the pages that constitute the government=s Proffer of Evidence, reviewed them with my client, and discussed the provisions of the proffer with him, fully. These pages accurately and completely set forth the government=s proof, as I understand it.

Date: 2/28/22

Eduardo Balarezo, Esquire
Attorney for the Defendant